**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 21, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHANCY DAVID GUTHRIE,

Defendant - Appellant.

No. 05-8113
(D. Ct. No. 04-CR-215-WFD)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **BARRETT**, Senior Circuit Judge, and **O'BRIEN**, Circuit Judge.

Defendant-Appellant Chancy Guthrie was charged with attempted interstate transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1). Prior to trial, he filed a motion to suppress evidence seized pursuant to a search warrant. Following denial of the motion to suppress, Mr. Guthrie entered a conditional plea of guilty, reserving the right to appeal that ruling. The motion to suppress is the basis of this appeal. We take jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I. BACKGROUND

In August 2004, Yahoo! employees discovered that nineteen files appearing to contain child pornography had been uploaded to its server. Pursuant to its statutory obligation, *see* 42 U.S.C. § 13032(b)(1), Yahoo! reported this activity to the National Center for Missing and Exploited Children ("NCMEC"). NCMEC positively identified seven images as child pornography. Investigators ultimately traced the activity to a computer located at 515 Hall Avenue, Jackson, Wyoming (the "Hall Avenue residence"). The residence belonged to Clinton and Deborah Guthrie.

Based on this information, Special Agent Nicole Balliet, an officer with the Wyoming Internet Crimes Against Children Task Force, prepared an affidavit for a search warrant and submitted it to part-time Magistrate Judge James Lubing. During his review of Agent Balliet's affidavit, Magistrate Judge Lubing noted that he was acquainted with Clinton and Deborah Guthrie because, as an attorney in private practice, he had represented their son, Chancy, nearly four years earlier in a criminal matter. The affidavit made no mention of Chancy, however, and there was nothing to indicate that Chancy was the subject of investigation for the instant crime. Magistrate Judge Lubing approved and signed the warrant to search the Hall Avenue residence.

Upon execution of the warrant, Debbie Guthrie informed Agent Balliet that she and her husband were in the process of moving, and that they had already moved their computer to their new residence. Mrs. Guthrie then gave Agent Balliet written consent to seize the computer from their new home.

Following the seizure of the computer, Agent Balliet sought another search warrant—this time, to search the hard drive of the seized computer. She submitted an affidavit to Magistrate Judge William Beaman; the affidavit was identical in all material respects to the affidavit she submitted to Magistrate Judge Lubing. Magistrate Judge Beaman approved the warrant, and the search of the computer produced numerous images of child pornography. Two days later, Chancy Guthrie met with his parole officer and confessed that he possessed and uploaded the pornographic images to his parents' computer.

Mr. Guthrie was charged in a two-count indictment for attempted interstate transportation of child pornography. *See* 18 U.S.C. § 2252A(a)(1) and (b)(1). Prior to trial, he filed a motion to suppress evidence obtained in the search of his parents' home. He argued that because Magistrate Judge Lubing had represented him in an earlier criminal matter, he was not acting as a neutral and detached magistrate at the time he signed the warrant application.[1] The facts of the prior representation are as follows: In August 2000, Mr. Guthrie was charged with first and third degree sexual assault on a minor. Mr. Guthrie's parents retained Magistrate Judge Lubing, who also works as a private defense attorney, to represent him. Mr. Guthrie entered into a plea agreement

---

[1]Although the computer was ultimately seized pursuant to Ms. Guthrie's written consent, and the ensuing search of the computer's hard drive was conducted pursuant to an intervening search warrant, the Government concedes that it would have had no occasion to seek Ms. Guthrie's consent without a valid search warrant for the Hall Avenue residence. Accordingly, this appeal involves the validity of the first search warrant.

with the government and was sentenced to eight to ten years' imprisonment, which was suspended on the condition that Mr. Guthrie successfully complete a boot camp program offered by the Wyoming Department of Corrections. In September 2001, Mr. Guthrie completed the boot camp program and the attorney-client relationship between Magistrate Judge Lubing and Mr. Guthrie terminated.

The District Court denied the motion. Thereafter, Mr. Guthrie pleaded guilty to one count of the indictment in exchange for dismissal of the second count; he was sentenced to 180 months' imprisonment. He now challenges the District Court's denial of his motion to suppress.

## II. DISCUSSION

In reviewing the denial of a motion to suppress, this Court views the evidence in the light most favorable to the government and accepts the district court's factual findings unless clearly erroneous. *United States v. Soderstrand*, 412 F.3d 1146, 1151 (10th Cir. 2005). We review de novo a district court's legal conclusions regarding the sufficiency of a search warrant under the Fourth Amendment. *Id.*

On appeal, Mr. Guthrie argues that Magistrate Judge Lubing was not a "neutral and detached magistrate" because he had previously represented Mr. Guthrie in a criminal matter in which Mr. Guthrie pleaded guilty to sexual assault on a minor. He argues that when presented with the warrant to search the Hall Avenue residence, Magistrate Judge Lubing knew or should have known that Mr. Guthrie was involved in uploading the pornographic materials and therefore should have sua sponte recused himself pursuant to

28 U.S.C. § 455(a).

To safeguard rights protected by the Fourth Amendment, "it is essential that a magistrate issuing a search warrant be neutral and detached." *United States v. Ramirez*, 63 F.3d 937, 941 (10th Cir. 1995). "[A] search premised on a warrant issued by a magistrate who lacks such neutrality and detachment 'stands on no firmer ground than if there had been no warrant at all.'" *Id.* (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 453 (1971)). Whether a magistrate is neutral and detached in a particular case is "an individualized and contextual inquiry[, and] [c]ourts must focus on the specific circumstances surrounding the issuance of the warrant and decide whether the magistrate 'manifested that neutrality and detachment demanded of a judicial officer when presented with a warrant application for a search and seizure.'" *Id.* (quoting *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 326 (1979)).

The Supreme Court has found a lack of neutrality on the part of the magistrate issuing a search warrant in cases where the magistrate aided law enforcement officers in their investigation of the crime, *see Coolidge*, 403 U.S. 443; *Lo-Ji Sales*, 442 U.S. 319, and in cases where the magistrate had a pecuniary interest in issuing search warrants, *see Connally v. Georgia*, 429 U.S. 245, 250 (1977). Neither of these circumstances are present here. Mr. Guthrie argues, however, that the disqualification statute, 28 U.S.C. § 455 gives context to the "neutral and detached" debate and that if a magistrate was required (and failed) to recuse himself under the statute, then he cannot be considered

"neutral and detached" as required by the Fourth Amendment.[2]

The disqualification statute provides in relevant part: "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).[3] Recusal cases are "extremely fact driven," *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 660 (10th Cir. 2002), and the test for recusal is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality," *David v. City and County of Denver*, 101 F.3d 1344, 1350 (10th Cir. 1996). A judge is required to recuse himself when there is "an appearance of bias, regardless of whether there is actual bias." *Bryce*, 289 F.3d at 659. We review the judge's decision regarding recusal for an abuse of discretion. *David*, 101 F.3d at 1351.

We conclude, for several reasons, that recusal was not required in this case. As an initial matter, that Magistrate Judge Lubing was casually acquainted with Clinton and

---

[2]Because we conclude that recusal was not required, we express no opinion as to whether a violation of 28 U.S.C. § 455(a) also violates the Fourth Amendment's requirement that a neutral and detached magistrate issue a warrant. *Cf. United States v. Murphy*, 768 F.2d 1518, 1540 (7th Cir. 1985) (noting that the "appearance of impropriety"—as opposed to actual impropriety—causes the judicial system to suffer but does not undercut personal rights); *United States v. Lovaglia*, 954 F.2d 811, 814 (2d Cir. 1992) (stating that Congress intended that § 455(a) would set an "objective standard designed to promote public confidence in the impartiality of the judicial process").

[3]In denying the motion to suppress, the District Court relied on § 455(b) which provides that a judge should disqualify himself, "where he has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b). Mr. Guthrie does not argue on appeal that this provision applies to his motion to suppress. Accordingly, we do not address it here.

Deborah Guthrie—the individuals actually listed in the search warrant—does not raise the specter of bias. Jackson, Wyoming is a small rural town. The very nature of such towns is that magistrate judges may be acquainted with people whose names come before the court as being involved in a crime. Mere acquaintance does not require recusal, even if the acquaintance is because the individual is related to a former client. *See United States v. Heffington*, 952 F.2d 275, 279 (9th Cir. 1991) (Though "judges . . . in rural counties often know more about the local criminal recidivists . . . than their more urban colleagues, we are not prepared to disqualify small-town judges on demand."). Mr. Guthrie rightly does not argue that based on that fact, alone, Magistrate Judge Lubing should have recused himself from the matter.

Mr. Guthrie contends, however, that because his parents were listed on the warrant, because the Hall Avenue residence was Mr. Guthrie's address during the prior representation, and because the crime was sexual in nature, Magistrate Judge Lubing should have known that Mr. Guthrie was the target of the investigation. We disagree. The facts, as they existed before Magistrate Judge Lubing, *see United States v. Avilez-Reyes*, 160 F.3d 258, 260 (5th Cir. 1998) (Jones, J., dissenting) ("recusal motions must be viewed in terms of events as the parties knew them at the time"), would lead a reasonable person to believe only that a former client's parents were being investigated for a crime. The affidavit presented to Magistrate Judge Lubing did not give any indication that Mr. Guthrie was the subject of an investigation. In fact, even law enforcement officials were not aware of Mr. Guthrie's involvement until he admitted

- 7 -

committing the crime in a meeting with his probation officer nearly a week later.

In any event, even if Magistrate Judge Lubing might reasonably have believed that Mr. Guthrie was involved in the instant matter, "a judge's prior representation of a witness or party in an unrelated matter does not automatically require disqualification." *David*, 101 F.3d at 1351; *Mitchael v. Intracorp, Inc.*, 179 F.3d 847, 861 (10th Cir. 1999) (same); *see also United States v. Lovaglia*, 954 F.2d 811, 815–17 (2d Cir. 1992) (sentencing judge's prior friendship with victim of crime did not require recusal in defendant's sentencing proceeding); *United States v. Outler*, 659 F.2d 1306, 1312 (5th Cir. 1981) (magistrate judge who issued search warrant was not obligated to disqualify himself even though he prosecuted defendant three years earlier in unrelated case). Here, Magistrate Judge Lubing had an attorney-client relationship with Mr. Guthrie in a wholly unrelated matter that ended approximately three years prior to the facts giving rise to the instant appeal.

Moreover, the affidavit presented to Magistrate Judge Lubing was overwhelmingly sufficient to establish probable cause. Not only does Mr. Guthrie concede this fact, but an indisputably neutral and detached magistrate—Magistrate Judge Beaman—reviewed the same material facts, found that such evidence amounted to probable cause, and authorized a search of the computer's hard drive. *See Outler*, 659 F.2d at 1312 (absent other factors, when evidence "overwhelmingly" establishes probable cause, there is no reason to question the magistrate's impartiality). There is no evidence to suggest that Magistrate Judge Lubing based his decision on anything other than the facts presented in Agent

Balliet's affidavit.  Without such evidence, we do not question Magistrate Judge Lubing's impartiality.

### III.  CONCLUSION

For the foregoing reasons we find that Magistrate Judge Lubing was not required to recuse himself under 28 U.S.C. § 455(a).  We therefore AFFIRM the District Court's denial of Mr. Guthrie's motion to suppress.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge